## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **TAMARA REAVIS, Individually and** | ) | |
| **on behalf of the Heirs at Law of LARRY** | ) | |
| **REAVIS, deceased,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **V.** | ) | **Case No.** |
| | ) | |
| **SAINT LOUIS COUNTY, MISSOURI,** | ) | |
| **Serve at:** | ) | **JURY TRIAL DEMANDED** |
| **Department of Justice Services** | ) | |
| **Buzz Westfall Justice Center** | ) | |
| **100 South Central Avenue** | ) | |
| **Clayton, Missouri 63105** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **JULIA CHILDREY, Acting Director,** | ) | |
| **Serve at Place of Employment:** | ) | |
| **Department of Justice Services** | ) | |
| **Buzz Westfall Justice Center** | ) | |
| **100 South Central Avenue** | ) | |
| **Clayton, Missouri 63105** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MELINDA FERGUSON, RN,** | ) | |
| **Serve at Place of Employment:** | ) | |
| **Department of Justice Services** | ) | |
| **Buzz Westfall Justice Center** | ) | |
| **100 South Central Avenue** | ) | |
| **Clayton, Missouri 63105** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **MICHAEL KING, RN,** | ) | |
| **Serve at Place of Employment:** | ) | |
| **Department of Justice Services** | ) | |
| **Buzz Westfall Justice Center** | ) | |
| **100 South Central Avenue** | ) | |
| **Clayton, Missouri 63105** | ) | |
| | ) | |

1

and                                              )
                                                 )
**CHRISTI R. GONZALEZ, RN,**                     )
**Serve at Place of Employment:**                )
**Department of Justice Services**               )
**Buzz Westfall Justice Center**                 )
**100 South Central Avenue**                     )
**Clayton, Missouri 63105**                      )
                                                 )
and                                              )
                                                 )
**C.O. MARK BARBEAU,**                           )
**Serve at Place of Employment:**                )
**Department of Justice Services**               )
**Buzz Westfall Justice Center**                 )
**100 South Central Avenue**                     )
**Clayton, Missouri 63105**                      )
                                                 )
and                                              )
                                                 )
**KATIE CORA, RN,**                              )
**Serve at Place of Employment:**                )
**Department of Justice Services**               )
**Buzz Westfall Justice Center**                 )
**100 South Central Avenue**                     )
**Clayton, Missouri 63105**                      )
                                                 )
              **Defendants.**                    )

## **COMPLAINT**

COMES NOW Plaintiff Tamara Reavis, Individually and on behalf of the Heirs at

Law of Larry Reavis, deceased, and for her Complaint against the Defendants who are sued

in their individual and official capacities states the following:

## **INTRODUCTION**

1.       Plaintiff Tamara Reavis, Individually and on behalf of the Heirs at Law of Larry

Reavis, deceased, seeks judgment against Defendants for violation of Mr. Reavis' rights

under the Eighth and Fourteenth Amendments to the Constitution of the United States and

42 U.S.C. §§ 1983 and 1988; violation of his rights under the Missouri Constitution; and

Missouri's negligence, negligent supervision, negligent training, negligent retention, and

2

wrongful death laws. Plaintiff also seeks judgment against Defendant Saint Louis County, Missouri, for implicitly or explicitly adopting and implementing policies, customs, or practices that included, among other things, allowing correction officers with no or inadequate training to assess the conditions, including the medical conditions and/or withhold medical t r e a t m e n t  and/or deny medical treatment to inmates with serious medical needs, including Mr. Reavis. These policies, customs, or practices and/or failure to have the same reflected a deliberate indifference to the serious medical needs of Mr. Reavis.

## JURISDICTION AND VENUE

2.      This action is brought, in part, pursuant to 42 U.S.C. § 1983 for the deprivation of civil rights; jurisdiction is therefore appropriate under 28 U.S.C. §§ 1331 and 1343.

3.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      The claims asserted herein arose in the Eastern District of Missouri, Saint Louis County, and venue is therefore proper in this Court.

## PARTIES

5.      Plaintiff Tamara Reavis is and was at all times relevant herein the spouse of Larry Reavis. Plaintiff is therefore the appropriate party to bring this action on behalf of all members of the class for wrongful death pursuant to R.S.Mo. § 537.080.

6.      Defendant Saint Louis County, Missouri ("Saint Louis County") is a political subdivision of the State of Missouri and operates the Saint Louis County Justice Center ("SLCJC"), a jail located in Saint Louis County, Missouri a/k/a "Buzz Westfall Justice Center."

7.      Saint Louis County is the political subdivision of the State of Missouri that is

responsible for the wrongful death of Mr. Reavis, which was caused by the intentional acts and/or failures to act of the duly appointed officers and/or corrections personnel of Saint Louis County, who were acting by virtue of or under color of the office at the time, as well as the negligent acts and/or omissions of each and every other Defendant, who were employees and/or agents of said county, and were acting within their scope of employment.

8.      At all times relevant hereto, upon information and belief, Defendant Julia Childrey was a citizen and resident of Saint Louis County, Missouri and was acting in her capacity as the Acting Director of SLCJC, employed by Saint Louis County, Missouri and acting under the color of State law at the time of Mr. Reavis' death. She is hereby sued in both her individual and official capacities. Upon information and belief, she was responsible for the daily operations of the SLCJC and the policymaker for Saint Louis County with respect to the operations of the SLCJC.

9.      At all times relevant hereto, upon information and belief, Defendant Melinda Ferguson was a citizen and resident of Saint Louis County, Missouri and was acting in her capacity as a Registered Nurse of the Saint Louis County Department of Public Health, Public Health and Primary Care Integration Division serving SLCJC, employed by Saint Louis County, Missouri and acting under the color of State law at the time of Mr. Reavis' death. She is hereby sued in both her individual and official capacities.

10.     At all times relevant hereto, upon information and belief, Defendant Michael King was a citizen and resident of Saint Louis County, Missouri and was acting in his capacity as a Registered Nurse of the Saint Louis County Department of Public Health, Public Health and Primary Care Integration Division serving SLCJC, employed by Saint Louis County, Missouri and acting under the color of State law at the time of Mr. Reavis' death. He is hereby sued in both his individual and official capacities.

4

11.     At all times relevant hereto, upon information and belief, Defendant Christi R. Gonzalez was a citizen and resident of Saint Louis County, Missouri and was acting in her capacity as a Registered Nurse of the Saint Louis County Department of Public Health, Public Health and Primary Care Integration Division serving SLCJC, employed by Saint Louis County, Missouri and acting under the color of State law at the time of Mr. Reavis' death. She is hereby sued in both her individual and official capacities.

12.     At all times relevant hereto, upon information and belief, Defendant C.O. Mark Barbeau was a citizen and resident of Saint Louis County, Missouri and was acting in his capacity as Corrections Officer of SLCJC, employed by Saint Louis County, Missouri and acting under the color of State law at the time of Mr. Reavis' death. He is hereby sued in both his individual and official capacities.

13.     At all times relevant hereto, upon information and belief, Defendant Katie Cora was a citizen and resident of Saint Louis County, Missouri and was acting in her capacity as a Registered Nurse of the Saint Louis County Department of Public Health, Public Health and Primary Care Integration Division serving SLCJC, employed by Saint Louis County, Missouri and acting under the color of State law at the time of Mr. Reavis' death. She is hereby sued in both her individual and official capacities.

14.     Saint Louis County has established and/or delegated to Defendant Childrey and/or other Defendant employees of the SLCJC the responsibility of establishing and implementing policies, practices, procedures and customs of administration in the SLCJC in providing medical care, medical screening, safety screenings and appropriate monitoring of each inmate; and for implementing policies, practices, procedures, and/or customs for training other detention officers in these matters.

15.     SLCJC's Corrections Medicine Program is operated by and through the Saint Louis

County Department of Public Health, Public Health and Primary Care Integration Division which is accredited by the American Correctional Association and adheres to their standards.

16.     All negligent and/or intentional acts and/or omissions which caused the death of Mr. Reavis occurred while he was in the custody of the SLCJC located in Clayton, Saint Louis County, Missouri.

17.     All negligent and/or intentional acts and/or omissions which caused the death of Mr. Reavis occurred while he was incarcerated at the SLCJC located in Clayton, Saint Louis County, Missouri.

18.     These causes of action arose under the 8th and 14th Amendments of the U.S. Constitution and 42 USC §§ 1983 and 1988, under the Constitution of the State of Missouri and under Missouri common law for negligence, negligent supervision, negligent training, negligent retention and wrongful death.

19.     Each of the intentional and/or negligent acts and/or omissions complained of herein which cause the death of Mr. Reavis occurred between January 17, 2019 and January 18, 2019, the date of his death in the SLCJC and/or while in custody of the SLCJC.

## FACTS

20.     On or about January 17, 2019, Mr. Reavis was taken into custody and booked into the SLCJC at approximately 1302 hours and was housed in cell 8 on floor 3.  Mr. Reavis was being held on a violation of a protective order and detoxing due to alcohol consumption.

21.     On January 17, 2019, Plaintiff who is and was at all relevant times Mr. Reavis' spouse, contacted the officers by telephone informing them of Mr. Reavis' detoxification and need for medical attention.

22.     During the booking process, Defendant Ferguson performed a routine general

6

medical examination on January 17, 2019 at approximately 1253 hours.

23.     Defendant Ferguson's medical examination found that Mr. Reavis was intoxicated and detoxing due to alcohol consumption.

24.     Mr. Reavis' alcohol withdrawal assessment of January 17, 2019 yielded the presence of tremors, paroxysmal sweats, anxiety, agitation and further nausea/vomiting, tremors, paroxysmal sweats and anxiety on January 18, 2019.

25.     During his medical examination, Mr. Reavis admitted to Defendant Ferguson that he had been admitted to a treatment center in 2016 for alcohol abuse.

26.     Defendant Ferguson diagnosed Mr. Reavis with ETOH abuse (alcohol abuse) at the time of booking, but he was not provided medical care.

27.     Defendants Saint Louis County and Ferguson knew that Mr. Reavis was intoxicated and detoxing from alcohol at the time of the booking process, but he was not provided medical care.

28.     Defendant Ferguson observed Mr. Reavis to be having steady tremors at booking with a disheveled, unkempt appearance.

29.     On January 17, 2019, Mr. Reavis was later examined by Defendant King who noted that he was currently intoxicated and withdrawing, but he was not provided medical care.

30.     On January 18, 2019, Mr. Reavis' medical assessment remained alcohol withdrawal, moderate benzodiazepine – alcohol withdrawal taper per Defendant Gonzalez, but he was not provided medical care.

31.     In the early morning hours of January 18, 2019, Defendant Gonzalez administered medications consistent with alcohol withdrawal to Mr. Reavis for headache, diarrhea, nausea and vomiting.

32.     On January 18, 2019 at approximately 0700-0715 hours, Defendant Barbeau

dropped off a breakfast tray for Mr. Reavis and noticed him visibly shaking, but he was not provided any medical care at that time.

33.     Inmate T.M. was also present with Defendant Barbeau and noted that Mr. Reavis stated, "I wonder if I had a seizure."

34.     On January 18, 2019 at approximately 0730 hours, Defendant Barbeau and Inmate T.M. collected the breakfast tray from Mr. Reavis and noticed that he had not consumed any food other than his milk and was still walking around his cell visibly shaking, but he was not provided medical care.

35.     On January 18, 2019 at approximately 0830 hours, Defendant Barbeau made his rounds noticing that Mr. Reavis was still walking around his cell visibly shaking, but he was not provided medical care.

36.     At one point that morning, Defendant Barbeau witnessed Mr. Reavis exit his bed and walk to the toilet as if he was sick, but he was not provided medical care.

37.     Later at approximately 0903 hours, Defendants Barbeau and Cora performed a medical tour of the SLCJC.

38.     On January 18, 2019 at approximately 0900 hours, Defendants Barbeau and Cora approached Mr. Reavis' cell and noticed that his mattress was hanging halfway off the bed.

39.     At this time, Defendant Cora did not see Mr. Reavis in his cell.

40.     Defendant Cora then walked up to the cell window and looked inside noting Mr. Reavis to be in the prone position facedown.

41.     Defendant Cora knocked on the cell door and did not get a response from Mr. Reavis.

42.     Defendant Cora called out Mr. Reavis' name which did not elicit a response.

43.     Defendant Cora noted that Mr. Reavis was cold to the touch.

44.     Once Defendant Cora rolled Mr. Reavis over and determined she needed assistance, she then went to the nurses' station to obtain extra assistance and a crash cart.

45.     Upon arriving back at Mr. Reavis' cell, Defendant Cora and others rolled him over to discover that he was in rigor mortis with mottling to his toes and a vomit-covered purple face.

46.     Defendant Cora began medical life-saving procedures until emergency medical services arrived to take over the responsibility of Mr. Reavis.

47.     On January 19, 2019, Dr. Sabharwal performed an autopsy of Mr. Reavis at Medical Examiner's Office located at 6059 Hanley Road, Saint Louis, Missouri 63134.

48.     Mr. Reavis' death certificate listed the underlying cause of death as chronic ethanol use.

49.     Defendants knew of Mr. Reavis' condition and "detoxification," but he was not provided medical care.

50.     Defendants knew Mr. Reavis had been vomiting, disoriented, having tremors and not eating, but he was not provided medical care.

51.     Defendants knew of Mr. Reavis' need for immediate medical attention and continually disregarded his health and safety.

52.     Defendants were aware that Mr. Reavis had an objectively serious medical need as it was obvious based on his condition and Defendants' comments about his condition, but he was not provided medical care.

53.     Defendants individually and in concert with one another intentionally, willfully, maliciously, and while acting under the color of State law showed a deliberate indifference to Mr. Reavis' serious needs, including medical needs and intervention, in that they had actual knowledge of his intoxicated condition and did not provide any medical treatment or

allow him contact with anyone who could provide proper and/or adequate medical treatment.

54.     Defendants individually and in concert with one another through the policies and procedures instituted by them and Defendant Saint Louis County fostered an environment which led to the deliberate indifference of Mr. Reavis serious needs in contravention of his civil rights.

55.     Defendant Saint Louis County was negligent in its supervision of the SLCJC and the employees, deputies, and/or correction personnel therein.

56.     Each of the Defendants, individually and in concert with one another, acted under the color of State law in both his/her individual and official capacities to deprive Mr. Reavis of his right to adequate and/or proper care, including medical care. This is a right secured to Mr. Reavis by the 8th and 14th Amendments to the Constitution of the United States and by 42 U.S.C. §1983.

57.     As a direct and proximate result of the intentional and/or negligent acts of all Defendants, Plaintiff suffered the loss of her husband and the father of her children.

58.     As a direct and proximate result of the actions of all Defendants described above and pursuant to Mo. Rev. Stat. 537.090, Plaintiffs have damages as follows: damages that decedent Mr. Reavis suffered between the time of his incarceration to the time of his death, and for the recovery of which the decedent might have maintained an action had death not ensued; pecuniary loss suffered by reason of the death of Mr. Reavis; funeral expenses; and a reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and the support of which Plaintiff has been deprived by reason of the death of Mr. Reavis.

59.     All of the aforementioned actions demonstrate that Defendants' actions were

reckless and/or callously indifferent to Mr. Reavis' rights so as to justify consideration by the trier of fact of aggravating circumstances in determining the amount of damages to be allowed.

60.     Plaintiff is entitled to compensation for violations of Mr. Reavis' constitutional rights that all Defendants inflicted upon him, including but not limited to all damages allowable for wrongful death pursuant to R.S.Mo. § 537.080; pain and suffering before death; attorney's fees; and punitive damages.

## COUNT 1:
## Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983

61.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraphs as if each were set forth herein.

62.     From the time he was in custody, Mr. Reavis had objectively serious medical needs, but he was not provided proper medical care to maintain his health.

63.     Mr. Reavis' medical need was so obvious that even a layperson would easily recognize the need for medical attention, but he was not provided proper medical care to maintain his health.

64.     Mr. Reavis' serious medical need was apparent by his actions and by the fact that Defendants acknowledged he was going through "detoxification," but he was not provided proper medical care to maintain his health.

65.     Mr. Reavis' serious medical need was apparent by his actions and the fact that Plaintiff, his wife, informed law enforcement of his bad detoxifications, but he was not provided proper medical care to maintain his health.

66.     Mr. Reavis showed obvious signs of detoxification through his actions witnessed by Defendants including but not limited to vomiting, disorientation, having tremors and not eating, but he was not provided proper medical care to maintain his health.

67.     Despite Mr. Reavis' obvious signs of detoxification, Defendants failed to provide him proper medical care to maintain his health.

68.     A reasonable officer and/or corrections personnel would have understood that failing to seek medical care for one who exhibited the signs of Mr. Reavis would violate his constitutional rights.

69.     Defendants deliberately disregarded Mr. Reavis' objectively serious medical condition.

70.     Given Mr. Reavis' condition, a reasonable officer in Defendants' position would have understood that failing to get him medical care violated his constitutional right.

71.     From the time Mr. Reavis was in custody, Defendants were aware that he was experiencing alcohol withdrawal and required medical attention, but he was not provided proper medical care to maintain his health.

72.     Defendants knew that there was a substantial risk that Mr. Reavis was in a critical state and his need for medical attention was obvious, but he was not provided proper medical care to maintain his health.

73.     Defendants failed to obtain any medical care for Mr. Reavis or take any other reasonable measures to deal with Mr. Reavis' condition.

74.     In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to a serious medical need and to the substantial risk of death by Mr. Reavis after having actual knowledge of such need for care, including medical care, and in deprivation of Mr. Reavis' rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

75.     As a direct and proximate result of the violation of Mr. Reavis' constitutional rights by the Defendants, Mr. Reavis suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. § 1983.

76.     The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

WHEREFORE, Plaintiff prays this Court:

A.     Enter judgment in favor of Plaintiff and against Defendants;

B.     Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendants;

C.     Award Plaintiff punitive damages;

D.     Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

E.     Allow such other relief as the Court deems just and proper.

### COUNT 2:
### Violation of Civil Rights Pursuant to Title 42 U.S.C. § 1983
### (Failure to Implement Appropriate Policies, Customs, and Practices and Failure to Train, Supervise and Retain)

77.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

78.     From the time Mr. Reavis was in custody, Mr. Reavis had objectively serious medical needs, but he was not provided proper medical care to maintain his health.

79.     Defendants deliberately disregarded Mr. Reavis' objectively serious medical needs and failed to provide proper medical care to maintain his health.

80.     Given Mr. Reavis' condition, a reasonable officer and/or corrections personnel in Defendants' position would have understood that failing to get him proper medical care violated his constitutional right.

81.     At all times relevant herein, Defendant Saint Louis County had implemented the approved the Saint Louis County Public Health's Corrections Medicine policies and procedures for SLCJC.

82.     Defendant Saint Louis County developed a Policy titled "Employee Standards of Conduct" which provides that, "[t]he Saint Louis County Department of Health (DPH) Corrections Medicine program shall ensure that all personnel adhere to a professional code of conduct that positively and professionally supports the delivery of excellent healthcare and honorably represents DPH and Saint Louis County government."

83.     Defendant Saint Louis County's "Continuous Quality Improvement Program" policy's purpose is "[t]o promote a culture of quality improvement (QI) within the Saint Louis County Department of Public Health (DPH) Corrections Medicine Program that includes a program-wide philosophy of improving health outcomes and overall patient … experiences."

84.     Defendant Saint Louis County's policy titled "Drug and Alcohol Withdrawal" specifically provides in part, "[d]etoxification requires special training and certification, which currently is not held by this facility and the programs therein, thus shall not be performed at the Buzz Westfall Justice Center."

85.     In direct contradiction, Defendant Saint Louis County's policy titled "Withdrawal for Alcohol and Chemically Dependent Patients" provides that, "[a]ll newly incarcerated patients who report use of alcohol, benzodiazepine or opioids, or have a positive urine drug screen (UDS) for such substances shall be medically evaluate, observed for symptoms of withdrawal, and medicated for symptoms of withdrawal, when indicated."

86.     Defendant Saint Louis County's policy titled "Withdrawal for Alcohol and Chemically Dependent Patients" further provides a course of treatment for patients in alcohol withdrawal for which all staff are responsible for adherence.

87.     Defendant Saint Louis County's policy, custom and/or practice resulted in deprivation of Mr. Reavis' constitutional rights.

88.     Defendant Saint Louis County's custom and/or practice to ignore clear signs of severe detoxification and not provide medical treatment deprived Mr. Reavis of his constitutional rights.

89.     Alternatively, Defendant Saint Louis County's failure to have an adequate policy, custom and/or practice resulted in the violation of Mr. Reavis' constitutional rights.

90.     Defendant Saint Louis County developed and maintained policies, customs and practices exhibiting deliberate indifference to Mr. Reavis' constitutional rights.

91.     Alternatively, Defendant Saint Louis County failed to have adequate policies, customs, and practices to protect inmate's constitutional rights.

92.     Defendant Saint Louis County developed policies, customs, and practices violating Mr. Reavis' constitutional rights in failing to get him medical care when needed and provide for his safety.

93.     Defendant Saint Louis County failed to train, supervise, and retain staff on the rights of intoxicated inmates who were going through detoxification, thereby demonstrating a deliberate indifference to Mr. Reavis.

94.     This failure to train amounts to a deliberate indifference to the rights of persons whom SLCDC staff come into contact with, including Mr. Reavis.

95.     Upon information and belief, Defendant Saint Louis County appointed officers and/or corrections officers, who were not licensed and/or adequately trained medical professionals, to screen the needs, including medical needs of inmates incarcerated in SLCDC.

96.     Upon information and belief, Defendant Childrey, as Acting Director, was the highest-ranking official, had direct management supervision over the jail staff, and was responsible for setting and implementing County policy with respect to the jail. In the

alternative, Defendants Ferguson, King, Gonzalez, Barbeau and Cora were inadequately trained and supervised by Defendant Saint Louis County.

97.     From January 17, 2019 to January 18, 2019, Mr. Reavis was a detainee and inmate at SLCJC, where he came under the care, custody, and control of Defendants, during which time, and at all times, he was in serious need of care, including medical care, a fact which Defendants, through their agents and employees knew, but did not provide proper medical care to maintain his health.

98.     Defendants Saint Louis County and Childrey implicitly or explicitly adopted and implemented policies, customs, or practices that included, among other things, allowing correction officers and personnel with no or inadequate training to assess the conditions, including the medical conditions and/or withhold medical treatment and/or deny medical treatment to inmates with serious medical needs, including Mr. Reavis, which policies, customs, or practices reflected a deliberate indifference to the serious medical needs of Mr. Reavis.

99.     The failures of Defendants Saint Louis County and Childrey to implement policies and procedures that would provide Mr. Reavis with reasonable access to a properly and/or adequately trained and/or qualified medical provider amounts to deliberate indifference to Mr. Reavis' serious medical needs.

100.    At the time of the above-described events, it was the custom or policy of Defendant Saint Louis County to inadequately supervise and train its corrections officers and personnel with intoxicated inmates, thereby evidencing a deliberate indifference to Mr. Reavis' constitutional rights.

101.    Defendant Saint Louis County was deliberately indifferent to Mr. Reavis' constitutional rights by failing to follow a policy in place to protect the rights of intoxicated inmates going through detoxification and implementing a contradictory policy.

102.    The need for training Saint Louis County staff on the rights of intoxicated inmates

is obvious, and the lack of training by Saint Louis County was so inadequate that it was likely to result in violating the rights of intoxicated inmates going through detoxification, including Mr. Reavis.

103.    Defendant Saint Louis County's failure to supervise Saint Louis staff constituted a tacit authorization of the offensive acts.

104.    In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to a serious medical need and to the substantial risk of death by Mr. Reavis after having actual knowledge of such need for care, including medical care, and in deprivation of Mr. Reavis' rights under the Due Process Clause of the 14th Amendment of the United States Constitution.

105.    As a direct and proximate result of the violation of Mr. Reavis' constitutional rights by the Defendants, Mr. Reavis suffered general and special damages as alleged in the Complaint and is herein entitled to relief under 42. U.S.C. §1983.

106.    The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

    WHEREFORE, Plaintiff prays this court:

    A.    Enter judgment in favor of Plaintiff and against Defendants;

    B.    Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendants;

    C.    Award Plaintiff punitive damages;

    D.    Award Plaintiff reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law; and

    E.    Allow such other relief as the Court deems just and proper.

## COUNT 3:
### Negligence *Per Se*
### Violation of R.S.Mo. § 221.120
### (Medicine and medical attention for prisoners)

107.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

108.     From the time Mr. Reavis was in custody, Mr. Reavis had objectively serious medical needs, but he was not provided proper medical care to maintain his health.

109.     Defendants deliberately disregarded Mr. Reavis' objectively serious medical needs and failed to provide proper medical care to maintain his health.

110.     Given Mr. Reavis' condition, a reasonable officer in Defendants' position would have understood that failing to get him proper medical care violated his constitutional right.

111.     At all times relevant herein, the Revised Statutes of the State of Missouri provided in Section 221.120.1 that, "[i]f any prisoner confined to the county jail is sick and in the judgment of the jailer, requires the attention of a physician, dental care or medicine, the jailer shall procure the necessary medicine, dental care or medical attention necessary or proper to maintain the health of the prisoner."

112.     Defendants violated R.S.Mo. § 221.120 with regard to the rights of inmates to receive necessary and proper medical attention, thereby demonstrating a deliberate indifference to Mr. Reavis.

113.     Defendants breached their duty to Mr. Reavis in failing to procure the necessary medicine, dental care or medical attention necessary or proper to maintain the health of Mr. Reavis while incarcerated in SLCDC.

114.     Upon information and belief, Defendant Childrey was the highest-ranking official, had direct management supervision over the jail staff, and was responsible for ensuring compliance with the laws of the State of Missouri with respect to the jail.

18

115.     From January 17, 2019 to January 18, 2019, Mr. Reavis was a detainee and inmate at SLCDC, where he came under the care, custody, and control of Defendants, during which time, and at all times, he was in serious need of care, including medical care, a fact which Defendants, through their agents and employees knew, but failed to provide proper medical care to maintain his health.

116.     Defendants Saint Louis County and Childrey implicitly or explicitly adopted procedures which allowed correction officers to violate the laws of the State of Missouri, including the medical conditions and/or withhold medical treatment and/or deny medical treatment to inmates with serious medical needs, including Mr. Reavis reflecting a deliberate indifference to the serious medical needs of Mr. Reavis.

117.     The failures of Defendants denied Mr. Reavis with reasonable access to a properly and/or adequately trained and/or qualified medical provider which amounts to deliberate indifference to Mr. Reavis' serious medical needs.

118.     In committing the acts complained of herein, Defendants acted under color of State law to show deliberate indifference to a serious medical need and to the substantial risk of death by Mr. Reavis after having actual knowledge of such need for care, including medical care, and in violation of R.S.Mo. § 221.120.

119.     As a direct and proximate result of the violation by the Defendants, Mr. Reavis suffered general and special damages as alleged in the Complaint.

120.     The conduct of the Defendants was willful, malicious, oppressive, and reckless and are of such nature that punitive damages should be imposed in the amount commiserate with the wrongful acts alleged herein.

        WHEREFORE, Plaintiff prays this court:

        A.     Enter judgment in favor of Plaintiff and against Defendants;

B.      Award Plaintiff compensatory damages and damages for aggravating circumstances against Defendants;

C.      Award Plaintiff punitive damages;

D.      Award Plaintiff reasonable attorney's fees and costs; and

E.      Allow such other relief as the Court deems just and proper.

## COUNT 4:
## Wrongful Death

121.     Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

122.     Defendants owed a duty to ensure the safety of inmates and detainees of SLCJC, specifically Mr. Reavis. This duty included the duty to provide adequate medical care.

123.     Defendants breached their duty of care in failing to provide adequate care, including medical care; in failing to properly assess and examine Mr. Reavis; and in failing to properly monitor Mr. Reavis.

124.     As a direct and proximate result of the aforementioned negligence and breach of care by the Defendants, Mr. Reavis was injured, caused to suffer conscious pain, suffering, and loss of life, and Plaintiff sustained damage, as more fully set forth herein.

125.     That by reason of the foregoing, Plaintiff is entitled to recover fair and reasonable damages against the Defendants as provided for in § 537.080 R.S.Mo. for the wrongful injuries to and the wrongful death of Mr. Reavis, including special damages for his funeral and burial.

126.     From the beginning of his detention hereinabove until his untimely death, Mr. Reavis suffered physical and mental pain which is an item of damage to be considered and awarded.

127.     Defendants' conduct in this case, as set forth in the Complaint constitutes

aggravating circumstances within the meaning of the laws of the State of Missouri. Furthermore, this conduct was undertaken with knowledge that such conduct produced a high degree of probability of injury to Mr. Reavis, or others similarly situated, and was done with such reckless or callous indifference and conscious disregard for the life and safety of others so that public policy requires punishment through the form of aggravating circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them jointly and severally, for damages, including prejudgment interest, in a fair and reasonable sum in excess of $75,000.00, their costs incurred herein, punitive damages, and for such other relief as is deemed appropriate by the Court.

## INJURIES AND DAMAGES

128.    Plaintiff hereby incorporates by reference the allegations made in each preceding paragraph as if each were set forth herein.

129.    As a direct and proximate result of the negligence set forth above, decedent Mr. Reavis suffered great personal injury, pain and suffering and mental anguish prior to his death. As a direct and proximate result of the Defendants' deliberate indifference to the serious medical needs of Plaintiffs' decedent, Mr. Reavis, he was forced to suffer the following severe, permanent and devastating injuries: Mr. Reavis was caused to suffer a deterioration of his condition, severe anxiety and distress, severe mental anguish, and all said conditions led to high levels of anxiety and anguish, and these conditions caused him great physical pain and mental suffering prior to his death. Defendants' deliberate indifference to the serious medical needs of decedent Mr. Reavis worsened and exacerbated decedent's condition, causing him great physical pain and mental anguish.

130.    As a direct and proximate result of the deliberate indifference to the serious medical

21

needs of Plaintiff's decedent Mr. Reavis, Plaintiff has been deprived of decedent's valuable services, companionship, comfort, consortium, instruction, guidance, counsel, training, support, love, and affection. Additionally, decedent suffered great physical pain and mental anguish through the time period of the Defendants' deliberate indifference to his serious medical needs.

131.    As a direct and proximate result of the Defendants' deliberate indifference to decedent Mr. Reavis' serious medical needs, the decedent suffered the loss of life, and with it the loss of future income and enjoyment of life.

132.    Plaintiff is entitled to recover punitive damages from the Defendants for their intentional, willful, and malicious acts and/or omissions which constituted a deliberate indifference to the Mr. Reavis' serious medical needs in violation of his civil rights pursuant to 42 U.S.C. § 1983.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all of the above issues, costs herein incurred, fees where appropriate, and for such relief as is deemed appropriate by the Court.

Respectfully submitted,

LAUREN ALLEN, LLC

/s/ *Lauren Perkins Allen*
Lauren Perkins Allen
Bar No. 49845MO
2345 Grand Blvd., Ste. 1600
Kansas City, Missouri 64108
T:  816.877.8120
F:  816.817.1120
Email:  lpa@laurenallenllc.com

and

/s/ *Michael J. Sudekum*
Michael J. Sudekum
Bar No. 49738MO
MANDEL & MANDEL, LLP
101 Market Street, Suite 850
St. Louis, Missouri 63101
T:  314.621.1701
F:  314.621.4800
Email:  mike@mandelmandel.com
**ATTORNEYS FOR PLAINTIFF**