**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| TAMARA REAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Cause No. 4:19-cv-02916PLC |
| | ) |
| ST. LOUIS COUNTY, MISSOURI, et. al. | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

COMES NOW Defendants St. Louis County, Missouri ("County"), Childrey, Ferguson, King, Gonzalez, Barbeau, and Cora, by and through their undersigned counsel of record, and for their Answer to Plaintiff's Complaint, state and allege as follows:

1. Pursuant to Federal Rule of Civil Procedure 10(b), Plaintiff is required to state her claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed R. Civ. P. 10(b). The "Introduction" section of Plaintiff's Complaint fails to comply with this requirement and is replete with legal conclusions. Therefore, no answer is required, and Defendants move to strike this section. To the extent an answer is required, Defendants deny, in its entirety, the "Introduction" section of Plaintiff's Complaint.

2. Paragraph 2 of Plaintiff's Complaint is a legal conclusion devoid of any factual allegations, thus requiring no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 2.

3. Paragraph 3 of Plaintiff's Complaint is a legal conclusion devoid of any factual allegations and thus requires no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 3.

4. Defendants admit that venue is proper, but deny the remaining allegations contained in paragraph 4.

5. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5, and therefore deny same.

6. Defendants admit the allegations contained in paragraph 6.

7. Defendants deny the allegations contained in paragraph 7.

8. Defendants admit that Julia Childrey ("Childrey") was the Acting Director of the St. Louis County Jail and admits Childrey was acting under the color of law as an employee of County. Defendants deny the remaining allegations in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit Melinda Ferguson ("Ferguson") was employed as a registered nurse in the Buzz Westfall Justice Center and acted under color of law as an employee of County, and deny all remaining allegations in Paragraph 9.

10. Defendants admit Michael King ("King") was employed as a registered nurse in the Buzz Westfall Justice Center and acted under color of law as an employee of County, and deny all remaining allegations in Paragraph 10.

11. Defendants admit Christi Gonzalez ("Gonzalez") was employed as a registered nurse in the Buzz Westfall Justice Center and acted under color of law as an employee of County, and deny all remaining allegations in Paragraph 11.

12. Defendants admit Mark Barbeau ("Barbeau") was acting under color of law as an employee of County and deny all remaining allegations in Paragraph 12.

13. Defendants admit Katie Cora ("Cora") was employed as a registered nurse in the Buzz Westfall Justice Center and acted under color of law as an employee of County, and deny all remaining allegations in Paragraph 13.

14. Defendants admit that St. Louis County has policies and procedures which are implemented by Corrections Medicine and the Department of Justice Services, but further deny all remaining allegations in paragraph 14.

15. Defendants admit that the Corrections Medicine Program is within the Health Services Division of the St. Louis County Department of Public Health which is accredited by the American Correctional Association, but deny the remaining allegations contained in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Paragraph 18 of Plaintiff's Complaint contain legal conclusions and is devoid of any factual allegations, thus requiring no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

## **FACTS**

20. Defendants deny the allegations in paragraph 20.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 and, therefore, deny same.

22. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore deny same at this time.

23. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore deny same at this time.

24. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore deny same at this time.

25. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore deny same at this time.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

29. Defendants deny the allegations in paragraph 29.

30. Defendants deny the allegations in paragraph 30.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 and therefore deny same at this time.

34. Defendants deny the allegations in paragraph 34.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36.

37. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 and therefore deny same at this time.

38. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore deny same at this time.

39. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore deny same at this time.

40. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore deny same at this time.

41. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore deny same at this time.

42. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore deny same at this time.

43. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore deny same at this time.

44. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore deny same at this time.

45. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 and therefore deny same at this time.

46. Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore deny same at this time.

47. Defendants admit the allegations in paragraph 47.

48. Defendants admit the death certificate states the underlying cause of death as "complications of chronic ethanol use," but deny the remaining allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53.

54. Defendants deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58.

59. Defendants deny the allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

## COUNT 1

61. In response to paragraph 61 of Plaintiff's Complaint, Defendants incorporate the responses set forth above to paragraphs 1-60, and deny all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

62. Defendants deny the allegations in paragraph 62.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants deny the allegations in paragraph 67.

68. Paragraph 68 of Plaintiff's Complaint contain legal conclusions, thus requiring no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 68.

69. Defendants deny the allegations in paragraph 69.

70. Paragraph 70 of Plaintiff's Complaint contains legal conclusions, thus requiring no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants deny the allegations in paragraph 72.

73. Defendants deny the allegations in paragraph 73.

74. Paragraph 74 of Plaintiff's Complaint contains legal conclusions, thus requiring no answer.  To the extent an answer is required, Defendants deny the allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

## COUNT 2

77. In response to paragraph 77 of Plaintiff's Complaint, Defendants incorporate the responses set forth above to paragraphs 1-76, and deny all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

78. Defendants deny the allegations in paragraph 78.

79. Defendants deny the allegations in paragraph 79.

80. Defendants deny the allegations in paragraph 80.

81. Defendants admit that St. Louis County has policies and procedures which are implemented by Corrections Medicine and the Department of Justice Services, but further deny all remaining allegations in paragraph 81.

82. Defendants admit that St. Louis County has policies pertaining to employee standards of conduct, and that Plaintiff has quoted, in part, from one such policy, but denies the remaining allegations in paragraph 82.

83. Defendants admit that St. Louis County has policies pertaining to quality improvement, and that Plaintiff has quoted, in part, from one such policy, but denies the remaining allegations in paragraph 83.

84. Defendants admit that St. Louis County has policies pertaining to drug and alcohol withdrawal, and that Plaintiff has quoted, in part, from one such policy, but denies the remaining allegations in paragraph 84.

85. Defendants admit that St. Louis County has policies pertaining to withdrawal for alcohol and chemically dependent patients, and that Plaintiff has quoted, in part, from one such policy, but denies the remaining allegations in paragraph 85.

86. Defendants admit that there are policies for treatment of patients in alcohol withdrawal, and denies the remaining allegations in paragraph 86.

87. Defendants deny the allegations in paragraph 87.

88. Defendants deny the allegations in paragraph 88.

89. Defendants deny the allegations in paragraph 89.

90. Defendants deny the allegations in paragraph 90.

91. Defendants deny the allegations in paragraph 91.

92. Defendants deny the allegations in paragraph 92.

93. Defendants deny the allegations in paragraph 93.

94. Defendants deny the allegations in paragraph 94.

95. Defendants deny the allegations in paragraph 95.

96. Defendants deny the allegations in paragraph 96.

97. Defendants deny the allegations in paragraph 97.

98. Defendants deny the allegations in paragraph 98.

99. Defendants deny the allegations in paragraph 99.

100. Defendants deny the allegations in paragraph 100.

101. Defendants deny the allegations in paragraph 101.

102. Defendants deny the allegations in paragraph 102.

103. Defendants deny the allegations in paragraph 103.

104. Defendants deny the allegations in paragraph 104.

105. Defendants deny the allegations in paragraph 105.

106. Defendants deny the allegations in paragraph 106.

## COUNT 3

107. In response to paragraph 107 of Plaintiff's Complaint, Defendants incorporate the responses set forth above to paragraphs 1-106, and deny all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

108. Defendants deny the allegations in paragraph 108.

109. Defendants deny the allegations in paragraph 109.

110. Defendants deny the allegations in paragraph 110.

111. Defendants admit that Section 221.120.1 RSMo is partially quoted in paragraph 111, and deny the remaining allegation in paragraph 111.

112. Defendants deny the allegations in paragraph 112.

113. Defendants deny the allegations in paragraph 113.

114. Defendants deny the allegations in paragraph 114.

115. Defendants admit that Larry Reavis was an inmate at the Buzz Westfall Justice Center from January 17, 2019 to January 18, 2019, but deny the remaining allegations in paragraph 115.

116. Defendants deny the allegations in paragraph 116.

117. Defendants deny the allegations in paragraph 117.

118. Defendants deny the allegations in paragraph 118.

see below

119. Defendants deny the allegations in paragraph 119.

120. Defendants deny the allegations in paragraph 120.

## Count 4

121. In response to paragraph 121 of Plaintiff's Complaint, Defendants incorporate the responses set forth above to paragraphs 1-120, and deny all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

122. Paragraph 122 of Plaintiff's Complaint contain legal conclusions and is devoid of any factual allegations, thus requiring no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 122.

123. Defendants deny the allegations in paragraph 123.

124. Defendants deny the allegations in paragraph 124.

125. Paragraph 125 of Plaintiff's Complaint contain legal conclusions and is devoid of any factual allegations, thus requiring no answer. To the extent an answer is required, Defendants deny the allegations in paragraph 125.

126. Defendants deny the allegations in paragraph 126.

127. Defendants deny the allegations in paragraph 127.

## INJURIES AND DAMAGES

128. In response to paragraph 128 of Plaintiff's Complaint, Defendants incorporate the responses set forth above to paragraphs 1-127, and deny all other allegations, statements and declarations contained in Plaintiff's Complaint, including all allegations, statements, declarations, and requests for relief in the prayers for relief, not specifically admitted herein.

129. Defendants deny the allegations in paragraph 129.

130. Defendants deny the allegations in paragraph 130.

131. Defendants deny the allegations in paragraph 131.

132. Defendants deny the allegations in paragraph 132.

WHEREFORE, Defendants respectfully request to be henceforth dismissed, awarded its costs and expenses herein incurred and expended, together with such other and further relief as this Court deems just and appropriate.

## GENERAL DENIAL

To the extent any of the allegations contained in Plaintiff's Complaint are not heretofore admitted, denies, or otherwise answered, Defendants deny any and all remaining allegations.

## JURY DEMAND

Defendants demand a trial by jury on all claims not summarily dismissed or dismissed on motion for summary judgment.

## AFFIRMATIVE DEFENSES

Come now Defendants and for their Affirmative Defenses, state to the court as follows:

### FIRST DEFENSE

A. Plaintiff's Complaint fails to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### SECOND DEFENSE

B. Plaintiff fails to state a claim establishing any policy or custom to trigger municipal liability under 42 U.S.C. §1983. *See Bd. Of Cty. Comm'rs of Bryan City, Okl. V. Brown*, 520 U.S. 397 (1997).

## THIRD DEFENSE

C. Defendant St. Louis County asserts all of the provisions of RSMo. §§537.600, 537.610 and 537.615.

## FOURTH DEFENSE

D. Defendants are entitled to a set-off of all sums received as a result of settlement and judgments from any party or nonparty which may have liability for any claims arising out of the alleged incident.

## FIFTH DEFENSE

E. Defendant County is immune from Plaintiff's claim for punitive damages under 42 U.S.C. §1983. *See City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).

## SIXTH DEFENSE

F. To the extent that Plaintiff seeks punitive damages, the claim for punitive damages violates federal law, Missouri law, and the Constitutions of the United States and the State of Missouri, including but not limited to the following grounds:

(a) The submission and recovery of punitive damages in this case is prohibited by the due process clauses of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and Article I, Section 10 of the Missouri Constitution, because the standards employed for determining and reviewing such awards do not sufficiently ensure a meaningful individualized assessment of deterrence and retribution and because there are no realistic standards or limits imposed on the amount of damages awarded.  The imposition of punitive damages also is barred by the equal protection clause of the Fourteenth Amendment of the United States Constitution and Article I, Section 2 of the Missouri Constitution because the standards for determining such awards result in disparate results among defendants accused of

similar conduct.  The imposition of punitive damages is also barred by the excessive fines clause of the Eighth Amendment to the United States Constitution and Article 1, Sec. 21 of the Missouri Constitution because they constitute an excessive and disproportionate fine under Missouri law.

(b)   Section 537.610 RSMo prohibits the award of punitive or exemplary damages on any claim against a public entity within the scope of §§537.600 to 537.650 RSMo.

### SEVENTH DEFENSE

G.   The Defendants sued in their individual capacities (and not solely in their official capacities) affirmatively state they are private citizens and were not acting under color of state law and are not liable under 42 U.S.C. §1983.

### EIGHTH DEFENSE

H.   The Defendants sued in their official capacity affirmatively state that qualified immunity applies because their conduct comported with established law and did not violate any of Plaintiff's clearly established constitutional rights of which a reasonable person would have known.

### NINTH DEFENSE

I.   Plaintiff's state law claims against the Defendants sued in their official capacities are barred by official immunity, the public duty doctrine, and by reason of sovereign immunity, as provided in §§537.600, *et. seq.* RSMo.

### TENTH DEFENSE

J.   Defendants affirmatively state that plaintiff failed to allege facts showing defendants were deliberately indifferent to John Shy's illness which is required to give rise to a §1983 claim.

## ELEVENTH DEFENSE

K. Although Defendants deny that Plaintiff has sustained damages, any award of compensatory damages would be subject to statutory caps.

## TWELFTH DEFENSE

L. Should it be determined that Plaintiff is entitled to seek punitive damages against Defendants at trial, Defendants demand a bifurcated trial, pursuant to Rule 42(b) of the Federal Rules Of Civil Procedure.

## THIRTEENTH DEFENSE

M. Defendants reserve the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation and specifically reserve the right to amend their Answer to include additional affirmative defenses at a later time.

## FOURTEENTH DEFENSE

N. Defendants affirmatively state that the damages allegedly sustained by plaintiff, if any, were the result of intervening or superseding causes arising from the acts or omissions of parties, or other persons or entities which defendants neither controlled nor had the right to control. Such intervening and superseding causes bars or reduces any liability on the part of Defendants.

## FIFTEENTH DEFENSE

O. Defendants affirmatively state that some or all of the injuries or damages complained of by plaintiffs are the direct and unavoidable consequence of John Shy's preexisting medical condition and were not caused or contributed to by any conduct of Defendants.

**SIXTEENTH DEFENSE**

P.  Defendants affirmatively state that Plaintiff has failed to state a claim for exemplary damages against Defendants in that they have not pled facts showing defendants acted with reckless indifference to the rights of others.

**SEVENTEENTH DEFENSE**

Q.  Defendants reserve the right to introduce evidence on any other defense that may become appropriate through discovery or independent investigation and specifically reserve the right to amend their Answer to include additional affirmative defenses at a later time.

**WHEREFORE**, for the reasons stated hereinabove, the named Defendants, having fully answered Plaintiff's Complaint, respectfully request that this Court enter judgment in their favor, award their costs and expenses, including reasonable attorneys' fees, and for such other and further relief as this Court deems just and proper.

Respectfully Submitted,

**BETH ORWICK
COUNTY COUNSELOR**

/s/Linda S. Levin_____
Linda Suzann Levin  #31569MO
Associate County Counselor
Office of the County Counselor
St. Louis County Government Center
41 South Central Avenue, Ninth Floor
Clayton, MO 63105
(314)615-7042 tel. (314)615-3732 fax
LLevin@stlouisco.com

*Attorneys for Defendants St. Louis County, Missouri,
Julia Childrey, Melinda Ferguson, Michael King,
Christi R. Gonzalez, Mark Barbeau, and Katie Cora.*

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2020, a true and accurate copy of the foregoing Answer and Affirmative Defenses was filed and served via the Court's electronic filing system upon all counsel of record.

/s/Linda S. Levin
Linda S. Levin
