UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TAMARA REAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-cv-02916-MTS |
| | ) |
| ST. LOUIS COUNTY, MO, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to Join Additional Party Defendants, Amend Pleadings and File First Amended Complaint, Doc. [47]. The issues are fully briefed. For the reasons detailed below, the Motion is granted in part and denied in part.

**I.     Background**

Plaintiff Reavis filed her Complaint against Defendants St. Louis County, Julia Childrey, Melinda Ferguson, Michael King, Christi Gonzalez, Mark Barbeau, and Katie Cora in October 2019, making 42 U.S.C. § 1983, negligence *per se*, and wrongful death claims stemming from her husband's death at the St. Louis County Justice Center in January 2019. *See* Doc. [1]. In an Amended Case Management Order, Doc. [46], the Court set October 1, 2020 as the due date for any motions for joinder of additional parties or amendments of pleadings. Consistent with that Order, Plaintiff filed the instant Motion on September 29, 2020.

Having conducted discovery, Plaintiff asks the Court to permit her to file an Amended Complaint making three separate alterations to her original Complaint. First, Plaintiff asks to amend by interlineation the name of Defendant Julia Childrey, who Plaintiff says is now known

1

as Julia Murphy.  Second, Plaintiff wants to amend facts she pleaded in paragraphs 35 and 38 of the Complaint.  In paragraph 35, Plaintiff originally stated that Defendant Barbeau "made his rounds" at approximately 0830 hours and noticed Mr. Reavis walking around his cell; this she wants to amend to assert instead that Barbeau "claimed" he made his rounds at that time, but "[i]n truth and in fact, [he] did not make a round at 0830 hours, nor did he observe Mr. Reavis at that time."  *Compare* Doc. [1] ¶ 35, *with* Doc. [47-1] ¶ 37.  The amendment to paragraph 38 would simply change the time from the original 0900 hours to 0910 hours when she claims Defendants Barbeau and Cora noticed that Mr. Reavis's cell mattress was "hanging halfway off the bed."  *Compare* Doc. [1] ¶ 38, *with* Doc. [47-1] ¶ 40.

Finally, Plaintiff asks to add Dawn Davis and Captain Robertson as defendants in this case.  In her Motion, Plaintiff provides that both Davis and Robertson were employed by St. Louis County "and acting under the color of State Law" at the time of the underlying events.  Doc. [47] ¶ 4.  Plaintiff does not seek to add additional claims with respect to these two proposed defendants; instead, she states that she will make the same claims against them as alleged against the current Defendants.  *Id.* ¶ 5.

Defendants Ferguson, King, Gonzalez, and Cora do not object to the Motion, but Defendants St. Louis County, Childrey, and Barbeau protest the proposed addition of Davis and Robertson to the case as defendants, though they do not take issue with the amendment to Defendant Childrey's last name or the proposed changes to paragraphs 35 and 38.  *See* Doc. [48] ¶ 5.  Noting the generally liberal standard for leave to amend under Fed. R. Civ. P. 15(a), Defendants observe that denial is appropriate in certain circumstances, including when the amendment would be "futile."  *Id.* ¶ 6.  And the proposed additions of Davis and Robertson would be futile, Defendants argue, because Plaintiff makes no specific factual claims against either Davis

or Robertson in her proposed Amended Complaint. *See id.* ¶¶ 6–14. This being so, Defendants argue that Plaintiff has not stated any claim upon which relief can be granted with respect to either proposed defendant, mandating denial of their addition to the case. *See id.* Defendants urge moreover that adding the new defendants adds nothing to Plaintiff's claims and will serve only to increase the costs of litigation, providing another basis to deny this amendment. *See id.* ¶¶ 14–16.

## II. Legal Standard

Fed. R. Civ. P. 15(a) sets out the rules for amending pleadings, permitting a party to amend its pleading once as a matter of course within 21 days of serving the pleading or within 21 days after service of a responsive pleading or Rule 12(b), (e), or (f) motion. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and the rule directs courts to "freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Denial of leave to amend pleadings is appropriate only in limited circumstances, such as where "undue delay, bad faith . . ., futility of the amendment, or unfair prejudice . . . can be demonstrated." *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (quoting *Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001)).

An amendment is futile when the amended claim "could not withstand a motion to dismiss under Rule 12(b)(6)." *Id.* (quoting *Silva v. Metropolitan Life Ins. Co.*, 752 F.3d 711, 719 (8th Cir. 2014). To withstand such a motion, "the complaint must show the plaintiff 'is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by alleging 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A plausible claim must plead 'factual content that allows the court to draw the reasonable inference that the defendant

is liable for the misconduct alleged,'" and "[t]he plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## III. Discussion

The Court will first address Plaintiff's proposed amendments to Defendant Childrey's name and paragraphs 35 and 38 before discussing the proposed additions to the case of Davis and Robertson. First, Plaintiff's proposed amendment to properly reflect Julia Murphy's name is reasonable, and as Defendants have no objection to this amendment, the Court, in its discretion, will permit Plaintiff to make this change. The factual amendments to paragraphs 35 and 38 of the original Complaint are likewise reasonable. Defendants provide clearly that they take no issue with the amendment to paragraph 38 (though they deny the facts there stated), and they do not state any objection to the proposed change to paragraph 35. The Court will therefore allow Plaintiff to make these changes as well.

The proposed additions of Davis and Robertson are of a different nature. Plaintiff refers to Davis and Robertson by name only twice each in her proposed Amended Complaint: once introducing each of them, see Doc. [47-1] ¶¶ 14–15, and again in paragraph 98. There, Plaintiff claims:

> Defendant Murphy, as Acting Director, was the highest-ranking official, had direct management supervision over the jail staff, and was responsible for setting and implementing County policy with respect to the jail. In the alternative, Defendants Ferguson, King, Gonzalez, Barbeau, Cora, Davis and Robertson were inadequately trained and supervised by Defendant Saint Louis County.

*Id.* ¶ 98. Plaintiff does not allege any facts specific to either Davis or Robertson and makes no new claims—instead, she simply lumps them into her already-existing claims against the other Defendants. The sections introducing Davis and Robertson tell us nothing more than Davis and Robertson's occupations, stating in conclusory fashion that each was acting under color of state

4

law at the time of Plaintiff's claims, and informing the Court that Plaintiff wants to sue each in both individual and official capacities.[1] *Id.* ¶¶ 14–15. The allegations in paragraph 98 do not even make claims against Davis or Robertson specifically, instead claiming § 1983 violations against now-Defendant Murphy and St. Louis County.

These allegations do not provide the Court with any basis for distinguishing between Plaintiff's claims against any other Defendants and those against Robertson or Davis, and, significantly, do not give the Court any factual basis for liability against either of them. *See Dewalt v. Brauner*, No. 4:19-cv-46-JCH, 2020 WL 1888796, at *6 (E.D. Mo. Apr. 16, 2020) ("[B]y merely lumping defendants into a group and providing no factual basis to distinguish their conduct, plaintiff has failed to give any named defendant fair notice of the grounds for the claims made," resulting in "a pleading that fails to comply with" Fed. R. Civ. P. 8(a).). The proposed Amended Complaint does not contain the necessary "factual content" to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678. In fact, it is not even clear from the proposed Amended Complaint what misconduct Plaintiff purports to claim against Davis or Robertson, making it hard for the Court to find that there is even a "sheer possibility" (which itself is insufficient to survive a Rule 12(b)(6) motion) that either acted unlawfully. *See id.*

While the Federal Rules instruct the Court to "freely give leave" to amend "when justice so requires," the Court has discretion to deny such amendments, particularly where the proposed

---

[1] Though unnecessary to the Court's ruling on this Motion, claims against either Davis or Robertson in her or his official capacity are redundant to Plaintiff's claims against St. Louis County, independently providing a basis for denying the addition of either as defendants in their official capacity on futility grounds. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (holding that it is proper to dismiss claim against city officer in his official capacity as redundant of claim against city itself); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . ."); *see also Johnson v. City of Leadington*, No. 4:19-cv-02282-SEP, 2020 WL 6117944, at *3 (E.D. Mo. Oct. 16, 2020) (noting redundancy and dismissing § 1983 claims against individual defendants in their official capacities).

amendment would not itself stand up to a Rule 12(b)(6) challenge for failure to state a claim upon which relief could be granted. In its current form, the proposed Amended Complaint lacks sufficient facts with respect to either Davis or Robertson to endure a potential Rule 12(b)(6) motion; as such, the proposed additions of Davis and Robertson are futile, and Plaintiff may not add them to the case as defendants.

## Conclusion

Plaintiff's unopposed amendments to properly name Defendant Julia Childrey as Julia Murphy and to amend paragraphs 35 and 38 of the original Complaint are reasonable, and as such the Court will grant Plaintiff's request for leave to amend those items. Plaintiff's request to amend now-Defendant Murphy's name by interlineation is unnecessary, as Plaintiff may simply file her Amended Complaint with Murphy's proper name in addition to the factual amendments to paragraphs 35 and 38. The additional proposed defendants—Captain Robertson and Dawn Davis—are futile additions to the case, as Plaintiff has not provided sufficient facts for either of these proposed defendants to satisfy the pleading standards of Rule 8(a). Plaintiff's request to add Davis and Robertson as defendants is therefore denied.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Join Additional Party Defendants, Amend Pleadings and File First Amended Complaint, Doc. [47], is **GRANTED in part** and **DENIED in part**. The Court **GRANTS** Plaintiff leave to file her Amended Complaint to properly reflect now-Defendant Murphy's name and to amend paragraphs 35 and 38 consistent with her Motion. Plaintiff's request to add Dawn Davis and Captain Robertson as additional defendants to this case is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file her Amended Complaint, consistent with the instructions herein, within ten (10) days of the date of this Memorandum and Order.

Dated this 20th day of November, 2020.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE